**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**GEMCRAFT HOMES, INC.,**

    Plaintiff,

**v.**             **CIVIL ACTION NO: 3:14-cv-14**
                **(JUDGE GROH)**

**GEORGE MORGAN, JR., MICHELLE**
**MORGAN, individually and as**
**Next-of-Friend for G.M., M.M., and L.M.;**

**BRITTANY BECK, individually and as**
**Next-of-Friend for A.P., K.P., and A.P.;**

**WAYNE CRISSMAN and KELLY BITTNER,**

**DAVID HAINES, MELINDA HAINES,**
**Individually and as Next-of-Friend for**
**N.H., C.H., and A.H.;**

**JASON MONTGOMERY, JENNIFER**
**MONTOGOMERY, individually and as**
**Next-of-Friend for W.M.;**

**PHILLIP NORTH, CASSANDRA NORTH,**
**Individually and as Next-of-Friend for J.R.;**

**ARTHUR PIERCE;**

**MATTHEW SCHWARZ, GERMAINE**
**GAUTHIER-SCHWARZ, individually and**
**as Next-of-Friend for G.S. and A.S.;**

**NORTH STAR FOUNDATION, INC.;**
**PROFESSIONAL PLUMBING AND HEATING, LLC;**
**HALL MECHANICAL & ASSOCIATES, INC.;**
**and GENERAL & MECHANICAL SERVICES, LLC,**

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR</u>**

**LEAVE TO FILE SECOND AMENDED COMPLAINT**

Currently pending before the Court is the Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 90]. The Defendants contend that the amendment is futile. Having considered this motion and the parties' arguments, the Court **GRANTS** the motion.

## I. Background

Plaintiff Gemcraft Homes, Inc. went through Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Maryland. Those proceedings concluded in 2011. The Plaintiff asserts that a reorganization plan entered in that case discharged it from any debt that arose before confirmation of the plan.

On January 28, 2014, the Plaintiff initiated this action seeking declaratory relief. It claims that the Homeowner Defendants,[1] who all lived in the Stoney Ridge subdivision in Inwood, West Virginia, have initiated state court actions against it and the Subcontractor Defendants.[2] These actions allegedly concern radon mitigation systems. The Plaintiff contends that it is not liable for any claims in these cases because such claims arose pre-confirmation.

On March 5, 2014, the parties moved to substitute David Berry as the administrator of Louise Berry's Estate for Defendant Louise Berry, who was deceased. The Court granted the motion. The Plaintiff later filed an amended complaint reflecting this change.

---

[1] The Homeowner Defendants is a collective reference to the Morgan Defendants, Defendant Beck, Defendant Crissman, Defendant Bittner, the Haines Defendants, the Montgomery Defendants, the North Defendants, Defendant Pierce, and the Schwarz Defendants.

[2] The Subcontractor Defendants is a collective reference to North Star Foundations, Inc., Professional Plumbing and Heating, LLC, Hall Mechanical & Associates, Inc., and General & Mechanical Services, LLC.

On June 11, 2014, the Plaintiff filed the instant Motion for Leave to File Second Amended Complaint. The Defendants responded, arguing that the amendment is futile.

On June 23, 2014, the parties jointly moved to dismiss Defendant David Berry individually and as Administrator of the Estate of Louise Berry from this case. The Court granted this motion, dismissing the Berry Defendants with prejudice.

## II. Standard of Review

"A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the Plaintiff has already amended its complaint, it may amend its complaint only with the Court's permission.

A court should deny leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Delay alone does not justify denying leave to amend. See id. Prejudice, bad faith, or futility must accompany the delay. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

As for the prejudice inquiry, the Fourth Circuit has stated:

Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial

3

amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (citations omitted).

A court should deny leave to amend based on futility when the proposed amendment is clearly insufficient or frivolous on its face. See Johnson, 785 F.2d at 510; Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). A proposed amendment is futile "if . . . [it] fails to satisfy the requirements of the federal rules." United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted); see also United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (affirming district court's holding that amendment was futile as the statute of limitations barred it and it did not relate back). For example, "[a]n amendment is futile if the proposed claim would not withstand a motion to dismiss." Woods v. Bennett, Civil Action No. 2:12-03592, 2013 WL 4779018, at *3 (S.D.W. Va. Sept. 5, 2013) (citing Perkins v. United States, 55 F.3d 910, 917 (4th Cir.1995)).

### III. Analysis

The Plaintiff seeks to amend its complaint to obtain declaratory relief stating that the reorganization plan also bars unfiled pre-confirmation claims. It provides two examples of possible such claims. First, it avers that, on May 22, 2014, the Homeowner Defendants' counsel sent it correspondence identifying homeowners of two other lots in the Stoney Ridge subdivision who are pursuing claims identical to those raised by the Homeowner Defendants in the state proceedings. Second, Hall Mechanical & Associates, Inc. and

General & Mechanical Services, LLC allegedly have contribution/indemnity claims against the Plaintiff due to the state proceedings. These claims have not been filed because the state cases are stayed pending this matter's outcome.

The Defendants argue that the amendment is futile. They contend that the amended complaint must but does not join the homeowners who allegedly have unfiled claims against the Plaintiff. They also aver that it is improper to seek relief for anticipated cross-claims.

The Plaintiff maintains that a declaration that the bankruptcy court's order discharged all pre-confirmation claims does not require that a claim has been filed or that this case include all possible parties with a claim.

### 1. Bad Faith

First, the Court finds no bad faith. The fact that the Plaintiff sought to amend its complaint before the amended pleadings deadline and shortly after learning that more homeowners may pursue similar claims against it demonstrates good faith. The Plaintiff also has shown a valid justification for the amendment–to cover unfiled claims that the bankruptcy court's order may also preclude. Thus, the Plaintiff has not acted in bad faith.

### 2. Prejudice

Next, the amendment will not prejudice the Defendants. The proposed amended complaint does not raise claims or allege facts unrelated to those already at issue. See Laber, 438 F.3d at 427. It only expands the scope of the declaratory relief sought. Prejudice is further absent here as the Plaintiff moved to amend six months before trial. See id. Accordingly, prejudice is not a ground for denying leave to amend.

### 3.     Futility

Finally, the amendment is not futile.  The proposed amended complaint seeks a determination whether 11 U.S.C. § 524(a)(3) enjoins pre-confirmation claims filed by the Defendants and any other pre-confirmation claims whether filed or unfiled.  Section 524(a)(3) pertinently provides that a bankruptcy discharge:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, . . . , whether or not discharge of the debt based on such community claim is waived.

The bankruptcy code defines "claim" as follows:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).  At this stage, based on § 524(a)(3) and the bankruptcy code's broad definition of claim, see Grady v. A.H. Robins Co., 839 F.2d 198, 200 (4th Cir. 1988), there is no indication that the Plaintiff's claim is without merit or otherwise futile.  Accordingly, neither bad faith, futility, nor prejudice is a basis for denying leave to amend.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Motion for Leave to File Second Amended Complaint.

The Court **DIRECTS** the Clerk to file the Second Amended Complaint for Declaratory Judgment and Injunctive Relief and its accompanying exhibits attached to the Motion for Leave to File Second Amended Complaint as attachments 1 through 16.[3]

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED:** July 24, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

[3] Though the Second Amended Complaint's caption contains the Berry Defendants, the Berry Defendants remain dismissed from this case per the Court's June 25, 2014 Order.